ROBERT S. BREWER, Jr.
United States Attorney
FRED SHEPPARD
California State Bar No. 250781
SHITAL H. THAKKAR
Illinois State Bar No. 6273151
Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: 619 546-8237/8785

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>v.<br><br>SYLVIA GONZALES (2),<br>    Defendant. | Criminal Case No. 18CR5260-CAB<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S:**<br>  1) **MOTION FOR BILL OF PARTICULARS; and**<br>  2) **MOTION TO CONTINUE**<br><br>Date:  October 16, 2019<br>Time:  2:00 p.m. |

COMES NOW, UNITED STATES OF AMERICA, by and through its counsel Robert S. Brewer, Jr., United States Attorney, and Fred Sheppard and Shital Thakkar, Assistant United States Attorneys, and hereby files its response and opposition to Defendant's motion for a Bill of Particulars, and its response to Defendant's motion to continue, which is based upon the files and records of this case.[1]

---

[1]  The facts underlying the current indictment are provided for in the Complaint, filed on November 19, 2018, as well as the United States' Omnibus Response to Defendants' various motions, filed on August 2, 2019 [Doc. No. 57].

### A. GONZALEZ'S MOTION FOR A BILL OF PARTICULARS SHOULD BE DENIED.

The facts underlying the current indictment are provided for in the Complaint, filed on November 19, 2018, as well as the United States' Omnibus Response to Defendants' various motions, filed on August 2, 2019 [Doc. No. 57].

Gonzalez requests a Bill of Particulars because the "discovery covers HOURS of recordings . . . [and] we can not [sic] tell what it is the Government intends to produce . . . [so] a transcript would be useful." *See*, *Deft. Mtn.*, ECF Doc. 60 at 2. (emphasis in the original). This request is factually and legally deficient.

As an initial matter, a Bill of Particulars is meant to ensure adequate notice of the crime with which a defendant has been charged. See *Hamling v. United States*, 418 U.S. 87, 117-18 (1974). When determining whether to direct the United States to file a bill of particulars, a "court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). To the extent the indictment and other disclosures provide details of the alleged offense, a bill of particulars is not necessary. *See, e.g.*, *United States v. Giese*, 597 F.2d at 1170, 1180 (9th Cir. 1979) (quoting 8 Moore's Federal Practice § 7.06(1) at 7-31 n.1 (2d ed. 1978)).

Gonzalez has been advised in a multitude of ways of the charges against her and the factual underpinnings of those charges. Despite her protestations to the contrary, a bill of particulars is not necessary to either prepare her defense or plead double jeopardy in any future prosecution for the same offense. *See, e.g.*, *Will v. United States*, 389 U.S. 90, 99 (1967); *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991); *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973). Even a cursory reading of Gonzalez's motion makes clear the lack of any legal basis for her request given that she fails to cite a single case, statute or rule in support of her request.

Nor is the conduct especially complex: Gonzalez participated in a conspiracy to kill another individual through several in-person meetings. Even were the indictment and

other disclosures lacking in such detail, which is not the case, "[f]ull discovery will obviate the need for a bill of particulars." *Long*, 706 F.2d at 1054. Here, Gonzalez has been provided with reports, phone records, recordings, and other materials detailing her involvement.

**B. DEFENDANT'S MOTION TO CONTINUE**

Because Gonzalez's motion to continue is based upon a potential competency, the United States takes no position on her request.

DATED: October 9, 2019

Respectfully submitted,

ROBERT S. BREWER, Jr.
United States Attorney

*s/ Fred Sheppard*
Fred Sheppard
Assistant U.S. Attorney

*s/ Shital H. Thakkar*
Shital Thakkar
Assistant U.S. Attorney